JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10453 PA (JPRx) | Date | January 21, 2021 |
|---|---|---|---|
| Title | Armando Estrada v. FC US LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| G. Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Armando Estrada ("Plaintiff"). (Dkt. No. 13.)  Defendant FC US LLC ("Defendant") filed an Opposition (Dkt. No. 15.), and Plaintiff filed a Reply (Dkt. No. 19).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for January 25, 2021 at 1:30 p.m. is vacated, and the matter taken off calendar.

**I.    Background**

Plaintiff filed his Complaint in Los Angeles Superior Court on September 4, 2020.  (Dkt. No. 1 Ex. A.)  Plaintiff alleges that on May 15, 2016, he purchased a 2015 Ram 1500 Promaster (the "vehicle") manufactured by Defendant.  (Id. ¶ 6.)  In connection with the purchase of the vehicle, Plaintiff "received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the vehicle or to provide compensation if there is a failure in the utility or performance for a specified period of time."  (Id. ¶ 10.)  During the warranty period, the vehicle contained the following defects: (1) a defective engine, (2) a defective connectivity system, and (3) "additional complaints made by Plaintiff."  (Id. ¶ 12.)  Plaintiff brings his claim under California's Song-Beverly Consumer Warranty Act.  Plaintiff's Complaint does not include a specific dollar amount for damages, but alleges he is seeking restitution, civil penalties, consequential and incidental damages, reasonable attorney fees, and prejudgment interest.

On November 16, 2020, Defendant filed a Notice of Removal pursuant to this Court's diversity jurisdiction.  Defendant claimed (1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000.  Plaintiff now seeks to remand this action back to state court.  Plaintiff argues in part that Defendant failed to establish that the amount in controversy exceeds $75,000.[1]

---

[1]   Plaintiff also argues Defendant's Notice of Removal is improper because it "simply assumes as a given that Plaintiff is a 'citizen' of California for the purposes of the diversity analysis."  (Mot. at 1.)  Defendant's Notice of Removal affirmatively states Plaintiff "was at all times . . . [a] citizen of the State of California."  (Notice of Removal ¶ 10.)  Defendant's Notice of Removal therefore adequately alleges

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10453 PA (JPRx) | Date | January 21, 2021 |
|---|---|---|---|
| Title | Armando Estrada v. FC US LLC | | |

**II.   Legal Standard**

"Federal court are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. If the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

In order to invoke a district court's diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332; see also Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018).

"The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008). A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014). But where "the plaintiff contests, or the court questions, the defendant's allegation," and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. Id. at 554.

**III.   Analysis**

Plaintiff argues Defendant has failed to show that the amount in controversy is met. Plaintiff claims that the total price of the vehicle at issue was $35,100, "before any applicable off-set." (Mot. at 1.) At the time of Plaintiff's Motion, the "amount of payments made by Plaintiff [was] approximately $24,804.00 ($5,000 down payment plus fifty-three (53) monthly payments at $354.80." (Id. at 2.) Plaintiff argues that "even if Plaintiff is awarded the purely speculative two time civil penalty that Defendant references in its [] Notice of Removal, then Plaintiff's total recovery would be $71,413.20, which does not meet the $75,000 threshold." (Mot. at 4.) Plaintiff further argues Defendant "ignores the fact that any recovery in Plaintiff's action may be far less than the $24,804.00 based on the applicable mileage off-set pursuant to California Civil Code § 1793.2(c). (Id. at 3-4.)

---

Plaintiff's citizenship. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10453 PA (JPRx) | Date | January 21, 2021 |
|---|---|---|---|
| Title | Armando Estrada v. FC US LLC | | |

    Defendant argues any mileage offset "is de minimus" because Plaintiff "alleges that he produced the vehicle within the applicable warranty multiple times to FCA for service." (Opp. at 7.) Finally, Defendant argues the Court "must factor in the possible award of attorney fees." (Id. at 6.)

    The Court finds Defendant has failed to carry its burden of demonstrating that the amount in controversy exceeds $75,000 for three reasons. First, Defendant's amount in controversy calculation fails to reduce actual damages to account for Plaintiff's use of the car before he took it in for repair. See Cal. Civ. Code § 1793.2(d)(2)(C) ("[T]he amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."). Defendant's oversight is especially significant here, where Plaintiff has driven the car for over four years, because "it is possible that Plaintiff drove the car for many miles before [he] took it in for repair." D'Amico v. Ford Motor Co., 20-cv-2985, 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020) (remanding where defendant failed to take into account the mileage offset in alleging amount in controversy where plaintiff drove the car for three years prior to seeking repairs); see also Mullin v. FCA US, LLC, 20-cv-02061, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (remanding where the defendants "failed to take into account the mileage offset in alleging that the amount in controversy exceeds the jurisdictional minimum"); Eberle v. Jaguar Land Rover N. Am., LLC, 18-cv-06650, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (remanding, even where purchase price of vehicle was high, because the defendant "offered no maintenance record or any other facts to assist the Court in determining what the actual damages might be without resorting to speculation").

    Second, Defendant fails to carry its burden as to the alleged two times civil penalty. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages. See Cal. Civ. Code § 1794(c). "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." Castillo v. FCA USA, LLC, 19-cv-00151, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where the defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy); see also Zawaideh v. BMW of N. Am., LLC, 17-cv-02151, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) (explaining that a defendant may not "simply assume that because a civil penalty is available, one will be awarded"); Chavez, 2020 WL 468909, at *2 (remanding where the defendant did not explain why a penalty applying to willful conduct would be awarded in the case). Rather, the defendant "must make some effort to justify the assumption." Zawaideh, 2018 WL 1805103, at *2, see also Sanchez v. Ford Motor Co., 18-cv-08023, 2018 WL 6787354, at *1 (C.D. Cal. Dec. 4, 2018) (remanding where civil penalties were "too speculative for inclusion in the amount-in-controversy"). Defendant has not shown by a preponderance of the evidence that a civil penalty would be awarded in this case. Defendant points only to Plaintiff's allegation that he should recover a civil penalty.

    Third, Defendant has made no effort to explain what amount of attorney fees might be sought or awarded in this case. Attorney fees that accrue after the filing of a notice of removal may be included in

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10453 PA (JPRx) | Date | January 21, 2021 |
|---|---|---|---|
| Title | Armando Estrada v. FC US LLC | | |

an estimate of the amount in controversy. <u>Fritsch</u>, 899 F.3d at 795. But a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and to "make this showing with summary-judgment-type evidence." <u>Id.</u> "A district court may reject a defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." <u>Id.</u>

Here, all Defendant does is note for the Court that attorney fees should be included in the amount in controversy. (<u>See</u> Notice of Removal at 7 (Defendant "does not need to include attorneys' fees in its amount in controversy calculation since the alleged damages combined with civil penalties of $75,000 alone, already exceed the jurisdictional minimum. However, the Court should note that the addition or consideration of attorneys' fees allows [Defendant] to meet the amount in controversy requirement."); Opp. at 6 ("Additionally, the Court must factor in the possible award of attorneys' fees. . . . It requires no great familiarity with the cost of litigation to conclude that Plaintiff will likely incur further expenses in taking this case through discovery, depositions, motions, experts, and trial."). Defendant provides no estimate of what these attorney fees might amount to. In addition, many of these cases alleging violations of the Song-Beverly Act settle early, and Defendant provides no explanation for why this case will go all the way to trial. <u>See</u> <u>D'Amico</u>, 2020 WL 2614610, at *4; <u>Mullin</u>, 2020 WL 2509081, at *4 (citing same deficiency and remanding); <u>Sanchez</u>, 2018 WL 6787354, at *1 (remanding where attorney fees were "too speculative for inclusion in the amount-in-controversy").

**Conclusion**

In sum, the values Defendant uses to compute the amount in controversy are too speculative and are not adequately supported by the facts and evidence. Since there remains doubt about whether the amount in controversy exceeds $75,000, this action is hereby remanded to the Superior Court of California, County of Los Angeles, case number 20GDCV00723 for lack of subject matter jurisdiction.

IT IS SO ORDERED.